## Barrett's Estate.

*Wills—Probate—Caveat—Failure to file bond—Certification by register to Orphans' Court—Notice to parties in interest.*

1. The filing of a *caveat* against the probate of a will is a statutory proceeding and the statute must be strictly complied with, otherwise the proceeding fails.

2. Where a *caveat* is filed to the probate of a will and no bond is entered, the register is without power to certify the proceeding to the Orphans' Court, and this is particularly so where no notice is given to the parties in interest.

Certificate of register of Orphans' Court. O. C. Schuylkill Co.

WILHELM, P. J., March 21, 1927.—The following paper was presented to the court in form as herein set out:

"In the Register of Wills Office in and for the County of Schuylkill.

"Estate of Nora Barrett, late of Township of Butler, deceased.

"In re probate of Last Will and Testament of said Nora Barrett, deceased.

"And now, January 13, 1927, by virtue of agreement between C. W. Staudenmeier, Esq., and W. C. Devitt, Esq., counsel in above estate, asking to have all proceedings certified into the Orphans' Court in and for said county, all proceedings relative to said estate are hereby certified into the Orphans' Court of said county for final disposition.

"NATHAN J. LUTZ, Register of Wills."

It appears that on Nov. 27, 1926, W. C. Devitt, attorney for Annie Cavanaugh, a daughter of Nora Barrettt, filed a *caveat* against the probate of "any will or issue any letters testamentary or administration upon the estate of Nora Barrett, late of the Township of Butler, in the County of Schuylkill and State of Pennsylvania, deceased."

There was filed in the Register's Office, Jan. 13, 1927, the following paper:

"In the Register's Office of Schuylkill County.

"Before Nathan J. Lutz, Register.

"In re Estate of Nora Barrett, deceased.

"And now, January 13, 1927, before Nathan J. Lutz, Register, appeared C. W. Standenmeier, attorney for Jennie Rowan, executrix named in will of Nora Barrett, late of the village of Connerton, Butler Township, Schuylkill County, Pa., and W. C. Devitt, attorney for Mrs. Neil Cavanaugh, and agreed that case be certified to the Orphans' Court of Schuylkill County for determination.

"C. W. STANDENMEIER, Att'y for Jennie Rowan.

"W. C. DEVITT, Att'y for Mrs. Neil Cavanaugh."

In this manner a proceeding alleged to be a will contest was presented to the Orphans' Court.

No bond was filed by the caveator within ten days after the filing of such *caveat*, or at any time after said filing; therefore, this matter is not properly

Barrett's Estate.

before us for disposition. Section 20 *(a)* of the Register's Act sets out the method of procedure when a *caveat* has been filed in the register's office against the probate of a will.

No bond having been filed as the statute provides, the register should not have attempted to certify this matter to the Orphans' Court, and the agreement of attorneys that the register certify a proceeding to the Orphans' Court without the statute being complied with does not remedy the matter, because the bond inures to the benefit of all the parties in interest.

It is noted, also, that the register has not given notice of his action to all of the parties interested, as the law requires, and it does not appear from any paper that all of the parties in interest have been named or notified.

The filing of a *caveat* against the probate of a will is a statutory proceeding, and the statute should be strictly complied with, otherwise the proceeding falls. The proceeding is dismissed.

From M. M. Burke, Shenandoah, Pa.